

**FILED**

AUG 27 2012

CLERK, US DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

KAREN R. BRANNAN,

     Plaintiff,

v.

KRISPY KREME DOUGHNUT CORPORATION,

     Serve: Corporation Service Company
            Bank of America Center, 16th Floor
            1111 East Main Street
            Richmond, VA 23219

Defendant.

Civil Action No. 2:12cv _485_

**COMPLAINT – Americans with Disabilities Act, The Virginia Human Rights Act**

**DEMAND FOR JURY TRIAL**

## COMPLAINT

    The Plaintiff, Karen R. Brannan, files this Complaint against the Krispy Kreme Doughnut Corporation, the Defendant, and moves the Court for entry of judgment in her favor against the Defendant as set forth herein.

### NATURE OF ACTION

    1.    Plaintiff, Karen Brannan brings this is an action for damages and injunctive relief to redress Defendant's violations of the Americans with Disabilities Act and Americans with Disabilities Act Amendments Act, 42 U.S.C. §§ 12101, *et seq.* (the "ADA"), and The Virginia Human Rights Act, Virginia Code § 2.2-3900 *et seq.* (the "Virginia Human Rights Act").

## JURISDICTION AND VENUE

2.      This action is brought pursuant to the Americans with Disabilities Act and Americans with Disabilities Act Amendments Act, 42 U.S.C. §§ 12101, *et seq.* (the "ADA"). Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343.

3.      The unlawful employment practices described herein were committed within the judicial district of this Court, in Virginia Beach, Virginia and the Defendant's business is located within the judicial district of this Court.  Venue is properly laid in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES TO THIS ACTION

4.      Karen R. Brannan ("Ms. Brannan" or "Plaintiff") is a citizen of the United States and a resident of Suffolk, Virginia.

5.      Defendant Krispy Kreme Doughnut Corporation ("Krispy Kreme") operates retail and wholesale donut sales facilities and restaurants.  Krispy Kreme employed more than 1,000 employees during Ms. Brannan's employment and currently employs more than 1,000 employees.

6.      Krispy Kreme Doughnut Corporation is a North Carolina Corporation that does business in the Commonwealth of Virginia, has a location in Virginia Beach, Virginia, and is a subsidiary of Krispy Kreme Doughnuts, Inc., which is a publically traded corporation.

7.      Ms. Brannan was an "employee" as defined by the ADA and the Virginia Human Rights Act at all times material hereto.

8.      Krispy Kreme was an employer within the meaning of the ADA and the Virginia Human Rights Act at all times material hereto.

## ADMINISTRATIVE PREREQUISITES TO ADA AND VIRGINIA HUMAN RIGHTS ACT CLAIMS

9.   On July 7, 2010, Ms. Brannan dually filed a charge of discrimination against Defendant, Krispy Kreme Doughnut Corporation, with the Virginia Council on Human Rights ("VCHR") and the Equal Employment Opportunity Commission ("EEOC"), attached hereto.

10.   The EEOC issued a Dismissal and Notice of Rights (i.e. Right to Suit) on May 31, 2012, which was received by Ms. Brannan on June 4, 2012, attached hereto.

## FACTUAL ALLEGATIONS

11.   Ms. Brannan began working for Krispy Kreme in July 1994.

12.   Ms. Brannan worked most recently for Krispy Kreme as Route Swing Relief/Regional Salesperson and her employment was terminated by Krispy Kreme on June 9, 2010.

13.   Ms. Brannan suffered a work related injury to her back on May 13, 2009, suffering severe injuries to her lower back.

14.   Ms. Brannan sought treatment and continued performing the essential functions of her position for more than one year.

15.   Ms. Brannan was able to perform the essential functions of her job with or without reasonable accommodation and was qualified for the position of Route Swing Relief/Regional Salesperson since she had the skill, experience and other job related requirements for the position.

16.   On June 9, 2010, without warning, Ms. Brannan's supervisor, Tommy Beane informed her that she was terminated because Krispy Kreme could no longer accommodate her work restrictions.

3

17.     Ms. Brannan was informed that the Workers' Compensation Insurance Carrier, Travelers informed Krispy Kreme that Ms. Brannan was a liability after her back injury and that she needed to be terminated.

18.     Ms. Brannan's disability and/or back condition or the fact that Krispy Kreme considered her disabled was the motivating factor in Krispy Kreme's decision to terminate her employment.

19.     Krispy Kreme never engaged in the interactive process of attempting to accommodate Ms. Brannan's restrictions.

20.     Krispy Kreme knew that an accommodation was or may have been necessary for Ms. Brannan to perform and failed to make reasonable accommodations for her disability.

21.     Ms. Brannan was performing her job duties to the satisfaction of her supervisors without an accommodation at the time of her discharge.

22.     Ms. Brannan's performance met or exceeded expectations.

23.     Ms. Brannan's supervisor was very upset with Krispy Kreme's decision to terminate Ms. Brannan's employment.

24.     Ms. Brannan's supervisor informed Ms. Brannan that she was an excellent employee and that he was unhappy with Krispy Kreme's sudden decision to terminate her employment because they considered her disabled.

25.     Krispy Kreme did not engage Ms. Brannan in the interactive process in an effort to determine if she could perform her job duties.

26.     Prior to making the decision to terminate Ms. Brannan's employment, Krispy Kreme never discussed Ms. Brannan's termination with her supervisor to determine if she was performing her job duties satisfactorily.

27.     Ms. Brannan has a disability within the meaning of the ADA and the Virginia Human Rights Act

that substantially limits a major life function.

28. Krispy Kreme regarded Ms. Brannan as having an impairment that substantially limits a major life function and considered Ms. Brannan to be disabled.

29. Ms. Brannan suffered an adverse employment action on June 9, 2010.

30. Ms. Brannan has a physical or mental impairment that does not limit a major life activity, but was treated by Krispy Kreme as causing such a limitation.

31. Ms. Brannan has a physical impairment that is substantially limiting only because of the attitude of the employer.

32. Ms. Brannan has a physical impairment that was substantially limiting and was regarded by the employer as having a limiting impairment.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT AND AMERICANS WITH DISABILITIES ACT AMENDMENTS ACT

33. Ms. Brannan repeats, realleges and repleads all allegations set forth in paragraphs 1 through 32 inclusive, in this count as though the same were fully and specifically set forth in detail.

34. Ms. Brannan was qualified to perform the job of Route Swing Relief/Regional Salesperson.

35. Ms. Brannan had performed her job duties with Krispy Kreme since July 1994.

36. Ms. Brannan had performed her duties and has been evaluated as ably performing her duties, throughout her employment.

37. Ms. Brannan has suffered from serious and permanent back injuries, which substantially limited her major life functions.

38. Ms. Brannan was perceived as having a physical or mental impairment that substantially limits her major life activities.

39. Ms. Brannan has a physical or mental impairment that does not limit a major life activity, but was treated by Krispy Kreme as causing such a limitation.

40. Ms. Brannan has a physical impairment that is substantially limiting only because of the attitude of Krispy Kreme.

41. Ms. Brannan has a physical impairment that was substantially limiting and was regarded by the employer as having a limiting impairment.

42. Ms. Brannan was informed by Krispy Kreme that she was not considered fit to work, due to her back condition.

43. Ms. Brannan's employment was terminated because Krispy Kreme considered her unfit to work due to her back condition.

44. Ms. Brannan suffered an adverse employment action when her employment was terminated by Krispy Kreme.

45. Krispy Kreme did not engage in an interactive process in an effort to attempt to accommodate the Ms. Brannan.

46. Krispy Kreme did not make good faith efforts, in consultation with Ms. Brannan after being informed that accommodation was needed, to identify and make a reasonable accommodation that would provide Ms. Brannan with an equally effective employment opportunity and would not cause an undue hardship on the operation of the business.

47. Ms. Brannan has been denied reasonable accommodations.

48. The acts and/or omissions of Defendant were done maliciously and/or with reckless indifference to the state and federally protected rights of Ms. Brannan.

49. Ms. Brannan has been discriminated against because of her disability or because she was perceived as disabled in violation of the Americans With Disabilities Act and Americans With

Disabilities Act Amendment Act, as amended.

50.     As a direct and proximate result of Defendant's actions, Ms. Brannan has suffered, continues to suffer, and will in the future suffer injury and damages, including embarrassment, inconvenience, humiliation, severe mental anguish, pain, suffering, loss of income, litigation expense, including attorneys' fees, medical expense, consequential damages, and other injuries.

## COUNT II – VIOLATIONS OF THE VIRGINIA HUMAN RIGHTS ACT

51.     Ms. Brannan repeats, realleges and repleads all allegations set forth in paragraphs 1 through 50 inclusive, in this count as though the same were fully and specifically set forth in detail.

52.     Ms. Brannan was qualified to perform the job of Route Swing Relief/Regional Salesperson. Ms. Brannan had performed her job duties with Krispy Kreme since July 1994. Ms. Brannan had performed her duties and has been evaluated as ably performing her duties, throughout her employment.

53.     Ms. Brannan has suffered from serious and permanent back injuries, which substantially limited her major life functions.

54.     Ms. Brannan was perceived as having a physical or mental impairment that substantially limits her major life activities.

55.     Ms. Brannan has a physical or mental impairment that does not limit a major life activity, but was treated by Krispy Kreme as causing such a limitation.

56.     Ms. Brannan has a physical impairment that is substantially limiting only because of the attitude of the employer.

57.     Ms. Brannan has a physical impairment that was substantially limiting and was

7

regarded by the employer as having a limiting impairment.

58.     Ms. Brannan was informed by Krispy Kreme that she was not considered fit to work, due to her back condition.

59.     Ms. Brannan's employment was terminated because Krispy Kreme considered her unfit to work due to her back condition.

60.     Ms. Brannan suffered an adverse employment action when her employment was terminated by Krispy Kreme.

61.     Krispy Kreme did not engage in the interactive process in an effort to attempt to accommodate the Ms. Brannan.

62.     Ms. Brannan has been denied reasonable accommodations.

63.     The acts and/or omissions of Defendant were done maliciously and/or with reckless indifference to the federally protected rights of Ms. Brannan.

64.     Ms. Brannan has been discriminated against because of her disability or because she was perceived as disabled in violation of The Virginia Human Rights Act, Virginia Code § 2.2-3900 *et seq.* (the "Virginia Human Rights Act).

65.     As a direct and proximate result of Defendant's actions, Ms. Brannan has suffered, continues to suffer, and will in the future suffer injury and damages, including embarrassment, inconvenience, humiliation, severe mental anguish, pain, suffering, loss of income, litigation expense, including attorneys' fees, medical expense, consequential damages, and other injuries.

## RELIEF REQUESTED

WHEREFORE, Plaintiff requests judgment against the Defendant as follows:

A.      For appropriate declaratory relief declaring the acts and practices of Krispy Kreme Doughnut Corporation to have been in violation of Plaintiffs rights as secured by the Americans With

Disabilities Act of 1990, 42 U.S.C. Sec. 12101, *et seq.* and the Virginia Human Rights Act, Virginia Code § 2.2-3900 *et seq.*:

B.     For an order enjoining the future discrimination by Krispy Kreme Doughnut Corporation, and through its policies:

> (a) which refuse "light duty" employment to employees injured in work related injuries who are able to perform the essential functions of their jobs, with reasonable accommodation;
>
> (b) which refuse to consider appropriate accommodations which would allow employees who have taken medical leave and are, or are considered, disabled to return to work without consideration of appropriate accommodations, until after the employee has obtained a full release from treating physicians;

C.     For an Order requiring Krispy Kreme Doughnut Corporation to reinstate Plaintiff to the position she occupied prior to her termination, with reasonable accommodation for her disability, or a position with equivalent duties and responsibilities, with equal pay and benefits, as Plaintiff would have received but for the discriminatory conduct in violation of the Virginia Human Rights Act and/or ADA, and reinstating all benefits to which Plaintiff would have been entitled but for the discriminatory actions taken against her;

D.     For a permanent injunction Order enjoining the Defendant, Krispy Kreme Doughnut Corporation and/or its agents, employers, from any conduct violating Plaintiffs rights as secured by the ADA and/or the Virginia Human Rights Act;

E.     For appropriate compensatory damages against Krispy Kreme Doughnut Corporation for violations of the Virginia Human Rights Act, ADA, and Rehabilitation Act in amounts no less than $500,000;

F.     For awards of back pay, front pay, prejudgment interest and appropriate recovery for lost wages and employment benefits and other affirmative relief as may be appropriate;

G.     For an award to Plaintiff of her attorneys' fees, and costs incurred in this action, together

with expert witness fees and expenses;

H. For an award of any additional amounts necessary to offset the adverse tax consequences of an award received in a lump sum;

I. For an award of punitive damages in the amount of $1,000,000 because the acts and/or omissions of Defendant were done maliciously and/or with reckless indifference to the federally protected rights of Ms. Brannan.

J. For an award of pre- and post-judgment interest on any monetary award; and

K. For an Order of any other relief this Court deems to be just and proper.

## DEMAND FOR JURY TRIAL

The plaintiff, pursuant to Rule 38 of the Federal Rules of Civil Procedure, hereby demands a trial by jury in this action for all claims so triable.

Respectfully Submitted,
Karen Brannan

By: _____
Of Counsel

R. Barry Rowell, Esq. (Virginia State Bar #72255)
Valverde & Rowell, PC
3500 Virginia Beach Blvd., Suite 110
Virginia Beach, VA 23452
Tel. 757.422.8472
Fax. 757.282.2502
Email – Barry@ValverdeRowell.com
Attorneys for Plaintiff, Karen Brannan